## BELLOWS *vs.* SMITH.

Where the payee of a note endorsed it, and delivered it as collateral security to certain of his creditors, who caused a suit to be brought upon it in the name of a nominal plaintiff; after which the payee settled the demand to secure which it was endorsed—*held,* that the defendant, in such action, might set off a note from the payee to himself.

But a tender of such note, in favor of the defendant against the payee, with the balance of the note sued, and the cost of the action, made to the plaintiff's attorney, is invalid.

ASSUMPSIT, on a note dated February 4, 1836, for $25.50,

payable to one E. A. Crawford, or order, on demand, with interest. The action was submitted to the determination of the court upon the following statement of facts.

Sometime previous to the date of the note, James H. Johnson & Co. held a note against said Crawford, for about eighteen dollars, to pay which Crawford handed the defendant that sum, to be delivered to them. It was not delivered to them, and in consequence Crawford was sued.

The defendant, upon being called upon by Crawford, gave the note which is the subject of this suit, for the money so received by him, and the costs of the suit against Crawford ; and Crawford afterwards agreed that Johnson & Co. should receive the proceeds of the note against the defendant, to which they acceded. At this time the note was not present ; but afterwards Crawford endorsed the note, in pursuance of the understanding with Johnson & Co., and this suit was brought in the name of the present plaintiff, who it is admitted is a nominal plaintiff. At the time the note was endorsed, as aforesaid, the defendant held a note against said Crawford, for $25.24, dated April 22, 1836, payable to one Kilburne, or order, and by him endorsed, for a valuable consideration, which the defendant told Crawford he should set off, before this suit was brought. Since the commencement of this suit, Crawford has paid the debt to Johnson & Co., and on the 17th day of January, 1837, the defendant tendered the balance due on the defendant's note, deducting the amount of the note against Crawford, to the attorney of the plaintiff, with the costs up to that time.

If the court should be of opinion that the defendant can set off said Crawford's note in this action, then it is to be considered as properly filed, and such judgment is to be rendered for the plaintiff, or defendant, as the court shall order.

*H. A. Bellows*, for the plaintiff.

*C. Ainsworth*, for the defendant.

Green, J.* Crawford, the promisee, agreed with Johnson & Co. that they should have the proceeds of the note, and to insure it to them, he endorsed it. The note was not purchased by Johnson & Co. Crawford's note to them was not given up in consequence of his endorsing the Smith note. Johnson & Co. may, therefore, be deemed mere trustees of Crawford, to collect the note, and apply the proceeds to the payment of their note against Crawford.

But Crawford put an end to their interest by paying his note, after this suit was commenced.

Crawford has always in fact been the owner of the note. Johnson & Co. had an interest in it until their note was paid, but the plaintiff has never had any interest.

The note offered by the defendant may, therefore, very properly be received in set off. 6 *N. H. R.* 27, *Woods* vs. *Carlisle.*

The tender to the attorney is altogether defective. The note the defendant had against Crawford could not be legally used for the purpose.

The law considers nothing in such case as a legal tender but money, and it must be unconditional. The attorney could not judge whether to receive the note.

The amount of the note held by the defendant must be allowed in set off, and judgment be rendered for the plaintiff for the balance.

---

* Wilcox, J., having been of counsel, did not sit.